UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SYDNEY CARLTON & JARRETT CARLTON )
1221 HAMILTON ST NE )
WASHINGTON DC  20011 )
)
)
    PLAINTIFFS )
) Cv. Action 25-
  vs. )
)
THE DISTRICT OF COLUMBIA )
400 6th STREET N.W. )
WASHINGTON, D.C.  20001 )
)
)
    DEFENDANT )

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF

COMES NOW PLAINTIFFS Sydney Carlton and Jarrett Carlton, Petitioner in the underlying case, to respectfully state as follows:

### PRELIMINARY STATEMENT

This is an action for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et. seq.* ("IDEA"). The Plaintiffs seek a judgment (a) declaring that they were the prevailing parties in the underlying proceeding and are entitled to recover their reasonable legal fees and costs at the prevailing market rate, (b) determining that the reasonable attorney fees in this case are determined by the current Fitzpatrick Matrix, and (c) ordering the Defendant to make payment to the Plaintiffs at the rate deemed reasonable under the Matrix.

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461 ("IDEA"), 29 U.S.C. § 794; 28 U.S.C. §§ 1441, 1442, 2201, & 2202;

1

the Mills Decree; and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 – 3701.3 (2o003).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs Sydney Carlton and Jarrett Carlton are the parents/legal guardians of J.C., a student who has been determined to be a student with a disability, as defined by the IDEA. Plaintiffs are currently residents of the District of Columbia and were residents of the District of Columbia during the time of the underlying administrative proceeding.

4. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public Schools system (herein "DCPS"). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is responsible for issuing checks in payment of reasonable attorney fees and costs incurred by the Plaintiffs in pursuing claims under IDEA.

## FACTUAL BACKGROUND

5. At all times pertinent to this proceeding, Plaintiffs were represented by Attorney Carolyn Houck.

6. Plaintiff filed a due process complaint on October 2, 2024. Defendant filed a counter complaint on November 15, 2024. The cases were docketed as 2025-190 and 2025 217, respectively and were consolidated on November 25, 2024. The case proceeded to a highly contested hearing on December 11, 2024, December 12, 2024, December 13, 2024, and December 18, 2024. The Hearing Officer's Determination (HOD), in favor of the Plaintiffs, was issued on December 30, 2024 and is attached as Exhibit 1.

7. The issue in the underlying administrative case was whether DCPS denied the student a FAPE by overriding the parents' objections when DCPS developed the February 26, 2024

IEP. As relief, the parents sought an order that DCPS thoroughly review the student's independent neuropsychological evaluation, speech evaluation, and occupational therapy evaluation.

8. Hearing Officer Lazan ruled in favor of the parent, stating, "DCPS denied the student a FAPE through the issuance of the February 26, 2024 IEP." (This meant that DCPS had denied this student FAPE for almost an entire calendar year.)

9. Hearing Officer Lazan ordered that *within fifteen days*, "DCPS shall carefully review all the evaluations that the Parents presented to DCPS and then write a new IEP for the Student that incorporates such evaluations." He also ordered that DCPS provide for 100 hours of compensatory education.

10. Plaintiffs Sydney Carlton and Jarrett Carlton were the prevailing parties in this proceeding.

11. The Attorney Fee Guidelines issued by DCPS on March 25, 2013 by the General Counsel for DCPS states, "Submission of attorney's fee invoices to OGC is not required before filing a petition of fees with the District Court, pursuant to the IDEA."

12. The attorney fees and costs Defendant District of Columbia owes to Plaintiffs Sydney Carlton and Jarrett Carlton total $ 170,312.05, broken down as follows:

   a. Attorney Fees     $. 160,312.05
   b. Expert Fees       $. 10,000 (approximate, invoice to follow)

13. Plaintiffs will submit their invoice directly to the Assistant Attorney General assigned to the case.

## LEGAL FRAMEWORK

14. An award of attorneys' fees is proper and just in this matter pursuant to the IDEA and its implementing regulations, which state, *inter alia*:

> (a) *In general.* (1) In any action or proceeding brought under section 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to—

(i) The prevailing party who is the parent of a child with a disability;

*34 C.F.R. §300.517(a)(1)(i).*

15. The regulations further state:

(c) *Award of fees.* A court awards reasonable attorneys' fees under section 615(i)(3) of the Act consistent with the following:

(1) Fees awarded under section 615(i)(3) of the Act must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.

*34 C.F.R. §300.517(c)(1).*

16. The Plaintiff was the prevailing party in the underlying action, as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005) (finding that a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded") (citing *Buckhannon Board and Care Home Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 603-04 (2001) and is entitled to recover reasonable attorney's fees and costs.

17. See also *Weissburg v. Lancaster School District*, USCA 9th Circuit, 591 F.3d. (2010). In *Weissburg*, the 9th Circuit ruled that parents are considered prevailing parties even if there is no finding that their child was denied a FAPE. The essence of being a "prevailing party" is that the litigation results in changing the parties' relationship.

18. The current billing rate for Attorney Houck is reasonable and consistent with prevailing market rates in the District of Columbia and consistent with the rates sets forth in the current Fitzpatrick Matrix. The Fitzpatrick Matrix is attached as Exhibit 2.

RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Declare the Plaintiffs as the prevailing parties under the IDEA, and therefore find that the Plaintiffs are entitled to recover reasonable legal fees and costs incurred in the litigation;

B. Declare that the hourly attorney fee due Attorney Houck for the work in litigating the case of *Sydney Carlton and Jarrett Carlton vs. District of Columbia*, Case No. 2024-190 and Case No. 2024-217 is reasonable, based on the attorney's years of experience in this area of law;

C. Award Plaintiffs the sum of $ 160,312.05 in attorney fees, plus the expert fees

D. Award Plaintiffs fees for litigating the current Complaint in the District Court of the District of Columbia for the purpose of collecting fees in the underlying administrative action, at Plaintiffs' counsel's applicable rate, pursuant to 42 U.S.C. § 1988; and

E. Award any other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Carolyn Houck

Carolyn W. Houck, Esq.
Attorney for Plaintiffs
Telephone: 301-951-4278
Fax:        866-297-4248
Email:      cwhouck1@gmail.com
DC Bar Number: 459746